Filed 3/20/14  P. v. A.C. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059006 |
| v. | (Super.Ct.No. FELSS1204679) |
| A.C., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Dismissed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A.C. appeals from a jury determination that she qualifies as a Mentally Disordered Offender (MDO) under Penal Code section 2962.  As discussed below, we dismiss the appeal.

1

## PROCEDURAL BACKGROUND

On February 9, 2008, the trial court in Los Angeles County sentenced A.C. to four years in prison for burglary (Pen. Code, § 459). When A.C. was released on parole in 2010, the Board of Prison Terms (BPT) declared her an MDO. The BPT renewed this declaration on March 1, 2011, and again on August 30, 2012.

On October 18, 2012, A.C. filed a petition challenging the August 30, 2012, determination and requesting appointment of counsel. The jury trial on A.C.'s challenge began on June 4, 2013. The jury heard testimony from a clinical psychologist who treated A.C. at Patton State Hospital, a staff psychiatrist at Patton who had also treated A.C. in prison, and a staff psychiatrist who treated A.C. at Patton. Each of these witnesses testified that A.C. suffers from a mental disorder, she was not in remission as of August 30, 2012, and she posed a substantial danger of physical harm to others because of her mental disorder. Defendant also testified. On June 13, 2013, the jury determined that A.C. qualified as an MDO.

This appeal followed.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below and drawing this court's attention to the applicable law on sufficiency of the evidence in MDO proceedings. Counsel presents no actual argument for reversal and requests this court to review the commitment proceedings in accord with *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. In making this request, counsel notes that in *People v. Taylor* (2008) 160 Cal.App.4th 304, the

2

Second District considered whether the *Wende/Anders* procedures were applicable to MDO commitment cases and concluded they were not. (Petition for review denied by the California Supreme Court on May 21, 2008, S162026.) Counsel also acknowledges that in *In re Conservatorship of Ben. C.* (2007) 40 Cal.4th 529 (*Ben C.*) our Supreme Court held that the Lanterman-Petris-Short Act (Welf. & Inst. Code, §§5000 et seq.) conservatorship proceedings are not subject to *Wende/Anders* review. A.C.'s counsel recognized the *Taylor* court relied on the reasoning in *Ben. C.* in reaching its holding. We agree with *People v. Taylor* and decline to apply *Wende/Anders* procedures to this MDO case.

In accordance with recommendations set forth in *Ben C., supra,* 40 Cal.4th at page 544, A.C.'s counsel has prepared a brief setting forth the facts and the law, and has provided appellant with a copy of the brief and informed her of her right to file a supplemental brief. Our court has also provided A.C. with a copy of the brief and informed her of her right to file a supplemental brief. A.C. did not file a supplemental brief.

Because A.C. has failed to raise an arguable issue on appeal from an order of recommitment, we decline to retain this case as is permitted by *Ben C.* and dismiss the appeal. (*Ben. C., supra,* 40 Cal.4th at p. 544; *People v. Serrano* (2012) 211 Cal.App.4th 496, 501.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

MILLER _____

J.

CODRINGTON _____

J.